IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEITH HUBBARD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No. 07-40-*** |
| | ) |
| SAMATHA S. HUBBARD AND | ) |
| KESTER CROSSE, | ) |
| | ) |
|     Defendants. | ) |

**FILING FEE ORDER**

    1.   The plaintiff Keith Hubbard, SBI #2070489, a _pro se_ litigant who is presently incarcerated, has filed this action pursuant to 42 U.S.C. § 1983 without prepayment of the filing fee.

    2.   Consistent with 28 U.S.C. § 1915(a)(1), on January 25, 2007, the plaintiff submitted an affidavit stating that he has no assets with which to prepay the filing fee. Based on the plaintiff's affidavit, his request to proceed _in forma pauperis_ is granted.

    3.   Notwithstanding the above, pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff shall be assessed the filing fee of $350.00. In order to determine the schedule of payment of the filing fee, the plaintiff shall submit to the Clerk of Court, a certified copy of his trust fund account statement (memorandum or

institutional equivalent, with attachments) **showing all deposits, expenditures and balances** during the six-month period, or lesser period of incarceration if applicable, immediately preceding the filing of the complaint, obtained from the appropriate official at the institution at which the plaintiff is confined. **FAILURE OF THE PLAINTIFF TO RETURN THE REQUESTED INFORMATION WITHIN 30 DAYS FROM THE DATE THIS ORDER IS SENT SHALL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE.**

    4. Unless the Court determines from the plaintiff's financial information that he has no assets whatsoever, an initial partial filing fee of 20 percent (20%) of the greater of the plaintiff's average monthly deposit or average monthly balance in the trust fund account shall be required to be paid before the court reviews the complaint. **NOTWITHSTANDING ANY PAYMENT MADE, THE COURT SHALL DISMISS THE CASE IF THE COURT DETERMINES THAT THE ACTION IS FRIVOLOUS OR MALICIOUS, FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, OR SEEKS MONETARY RELIEF AGAINST A DEFENDANT WHO IS IMMUNE FROM SUCH RELIEF.**

    5. Pursuant to 28 U.S.C. § 1915(g), if the plaintiff has had three or more actions dismissed by the Court on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, then the Court shall deny the plaintiff leave to proceed <u>in forma pauperis</u> in all future suits filed without prepayment of the filing fee, unless the

Court determines that the plaintiff is under imminent danger of serious physical injury.

DATED:

_____
Honorable Mary Pat Thynge
U.S. Magistrate Judge